# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 787

BAILLIE, Excr. v. HEIMSTATH et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5723. Decided June 1, 1925

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

1271. WILLS—A non-expert witness should not be permitted to testify that in his opinion the testator lacked mental capacity, without first having testified to facts within his knowledge tending to indicate mental weakness.

327. COURTS—If reviewing court is of opinion that substantial justice has been done alleged errors should not be deemed prejudicial and should be disregarded.

WASHBURN, J.

Louis Heimstath, while living in Findlay, joined the Salvation Army and upon his removal to Cleveland, he continued his work therein. He was possessed of some property, not a great amount, which, in three wills made by him in the last four or five years was given, in each case, to the Salvation Army.

The last will was made during his last sickness and eight days before his death. That will was contested in the Cuyahoga Common Pleas by John Heimstath and by the verdict of the jury and judgment of the court it was set aside. Error proceedings were instituted by A. W. Baillie of the Salvation Army seeking to have the judgment reversed, it being claimed that the lower court erred in rulings upon the admissibility of evidence and erred in its charge to the jury, and that the judgment was manifestly against the evidence. The Court of Appeals held:

1. This case is the same as a civil case and, if from consideration of the whole record, the reviewing court is of the opinion that substantial justice has been done, alleged errors should not be deemed to be prejudicial and should be disregarded.

2. A non-expert witness, not a witness to the will, should not be permitted to testify to his opinion that the testator lacked mental capacity, until he shall have testified to facts within his knowledge tending, at least in some degree, to indicate mental weakness.

3. Such witness should be confined, as a basis for his opinion, not only to facts and circumstances within his knowledge, but to facts and circumstances which he has delineated before the jury.

4. It was error to permit witnesses to answer as to whether they considered testator "right minded," and it was improper, timely objection being made, to permit incompetent answers and then instruct the jury to disregard them.

5. It is immaterial that the will was made in the testator's last sickness, as there was no testimony that such sickness affected his mental capacity.

6. The verdict also being plainly and unmistakably against the weight of the evidence, the judgment is reversed and remanded.

Attorneys—H. H. Chapman and Scott & Bissell for Baillie; Kelly, David & Cottrell for Heimstath; all of Cleveland.